UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERID S. MILLER,<br>　　　　Petitioner,<br>　v.<br>COUNTY OF SANTA CRUZ,<br>　　　　Respondent. | Case No. 18-06070 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a state conviction out of Santa Cruz County Superior Court. Petitioner has paid the filing fee. For the reasons discussed below, the petition is dismissed for failure to exhaust state judicial remedies.

**I. DISCUSSION**

**A.　Exhaustion**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and

every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Duckworth v. Serrano*, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See id.*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

According to the petition, Petitioner entered a plea of not guilty by reason of insanity for unidentified crimes. (Pet. at 2.) He is challenging the most recent 2 year recommitment order from on or about February 18, 2016. (*Id.* at 1.) However, it is clear from the petition that Petitioner did not present the claims from the instant petition to the California Supreme Court before filing this action. (*Id.* at 4.) Therefore, the petition is not ripe for federal review because Petitioner has not exhausted his state remedies. *See Rose*, 455 U.S. at 522. Accordingly, this petition is DISMISSED without prejudice to Petitioner filing a new federal habeas corpus petition once state remedies have been exhausted.

## II. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED for failure to exhaust state remedies. *See Rose*, 455 U.S. at 510. The dismissal is without prejudice to Petitioner refiling once he has presented all the claims in the instant petition to the state high court.

**IT IS SO ORDERED.**

Dated: January 28, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\BLF\HC.17\02976Ashley_dism

2